UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SCHNEIDER NATIONAL CARRIERS,
INC., WAGE AND HOUR EMPLOYMENT
PRACTICES LITIGATION

| | |
|---|---|
| Richard A. Beaudoin v. Schneider National Carriers, Inc., et al., C.D. California, C.A. No. 2:10-4975<br>Morris Bickley, et al. v. Schneider National Carriers, Inc., N.D. California, C.A. No. 3:08-5806 | MDL No. 2204 |

ORDER DENYING TRANSFER

**Before the Panel:**[*] Plaintiff in the action pending in the Central District of California has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Northern District of California. The litigation currently consists of the two actions pending, one in the Central District of California and one in the Northern District of California. Plaintiffs in the Northern District of California action and defendant Schneider National Carriers, Inc., oppose centralization.

On the basis of the papers filed and hearing session held, the Panel is not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Given that there are only two actions pending in two adjacent districts, all responding parties oppose centralization, and the coordinated Northern District of California actions are at a more advanced stage of proceedings, movants have failed to convince us that Section 1407 transfer would be appropriate at this time. *See, e.g.*, *In re CableNet Services Unlimited, Inc., Fair Labor Standards Act (FLSA) Litig.*, 716 F. Supp. 2d 1363 (J.P.M.L. 2010) (denying centralization where only two actions were pending in adjacent districts within the same state). *See also In re CVS Caremark Corp. Wage and Hour Emp't. Practices Litig.*, 684 F. Supp. 2d 1377, 1379 (J.P.M.L. 2010), in which we held that we are less likely to grant a motion for centralization where, *inter alia*, (1) the defendants and/or some of the plaintiffs oppose centralization, or (2) only a few actions or procedurally dissimilar actions are involved in the litigation.

Indeed, the parties in the Northern District of California action are in the midst of discovery and have dates set for a motion for class certification and for trial. In contrast, there is no scheduling order in place in the Central District of California action, and plaintiff is seeking to amend his complaint. As there is only one defendant between the actions, alternatives to transfer exist that may

---

[*] Judge Kathryn H. Vratil took no part in the decision of this matter.

-2-

minimize whatever possibilities there are of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

David R. Hansen     W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.     Barbara S. Jones
Paul J. Barbadoro