**MARLIN & SALTZMAN**
**LEAD COUNSEL**
**[ATTORNEYS FOR DEDICATED AND INTERMODAL DRIVERS]**
Stanley D. Saltzman, Esq. (SBN 90058)
Louis M. Marlin, Esq. (SBN 54053)
Marcus J. Bradley, Esq. (SBN 174156)
Christina A. Humphrey (SBN 226326)
29229 Canwood Street, Suite 208
Agoura Hills, California 91301
Telephone:    (818) 991-8080
Facsimile:     (818) 991-8081
ssaltzman@marlinsaltzman.com
louis.marlin@marlinsaltzman.com
mbradley@marlinsaltzman.com
chumphrey@marlinsaltzman.com

**HAGENS BERMAN SOBOL SHAPIRO**
**[LEAD COUNSEL FOR REGIONAL DRIVERS]**
Steve W. Berman, Esq.
Lee M. Gordon, Esq (SBN 174168)
700 S. Flower Street, Suite 2940
Los Angeles, California 90017-4101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
Steve@hbsslaw.com
Lee@hbsslaw.com

Attorneys for Plaintiffs

(Additional Plaintiffs' counsel on next page)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MORRIS BICKLEY, MICHAEL D. PATTON, RAYMOND GREWE, and DENNIS VANHORN, individually and on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation, and DOES 1 to 10, inclusive,<br><br>Defendants. | **CASE NO. 3:08-cv-05806-JSW**<br><br>**CLASS ACTION (FRCP 23)**<br><br>**ORDER ON**<br>**STIPULATION TO CONTINUE DATES**<br><br><br><br><br><br><br><br>Complaint Filed:   11/25/08<br>Trial Date:           June 6, 2011 |

1

1  **Additional Plaintiffs' Counsel**

2  **THE CULLEN LAW FIRM, APC**
Paul T. Cullen, Esq. (SBN 193575)
3  29229 Canwood Street, Suite 208
Agoura Hills, California  91301-1555
4  Telephone:     (626) 744-9125
Facsimile:      (626) 744-9436
5  paul@cullenlegal.com; pat@cullenlegal.com

6  **LAW OFFICES OF PETER M. HART**
Peter M. Hart, Esq. (SBN 198691)
7  13952 Bora Bora Way, F-320
Marina Del Rey, California  90292
8  Telephone:     (310) 478-5789
Facsimile:      (509) 561-6441
9  hartpeter@msn.com

10  **LAW OFFICES OF KENNETH H. YOON**
Kenneth H. Yoon, Esq. (SBN 198443)
11  One Wilshire Boulevard, Suite 2200
Los Angeles, California  90017
12  Telephone:     (213) 612-0988
Facsimile:      (213) 947-1211
13  kyoon@yoon-law.com

14  **LAW OFFICE OF ERIC HONIG**
Eric Honig, Esq. (SBN 140765)
15  P.O. Box 10327
Marina Del Rey, California  90295
16  Telephone:     (310) 314-2603
Facsimile:      (310) 314-2793
17  erichonig@aol.com

18  **HAGENS BERMAN SOBOL SHAPIRO**
Steve W. Berman, Esq.
19  1918 Eighth Avenue, Suite 3300
Seattle, Washington  98101
20  Telephone: (206) 623-7292
Steve@hbsslaw.com
21
**REHWALD GLASNER & CHALEFF**
22  William Rehwald, Esq. (SBN 51396)
Lawrence Glasner, Esq. (SBN 142677)
23  Daniel Chaleff, Esq. (SBN 173028)
5855 Topanga Canyon Blvd., Suite 400
24  Woodland Hills, California  91367
Telephone: (818) 703-7500
25  DChaleff@rehwaldlaw.com

26

27

28

2

**CASE NO. 3:08-CV-05806 JSW**
**STIPULATION TO CONTINUE DATES**

1        Plaintiffs MORRIS BICKLEY, MICHAEL D. PATTON, RAYMOND GREWE, and
2 DENNIS VANHORN, individually, and on behalf of themselves, all others similarly situated, and
3 the general public (collectively hereinafter "Plaintiffs") and Defendants SCHNEIDER
4 NATIONAL CARRIERS, INC., a Nevada corporation (hereinafter "Defendants"), hereby
5 stipulate and agree as follows:

6        **WHEREAS,** on November 25, 2008, Plaintiff MORRIS BICKLEY, on behalf of himself
7 and all others similarly situated, filed this class action lawsuit in the United States District Court
8 for the Northern District of California;

9        **WHEREAS**, on February 11, 2009, Plaintiff MICHAEL D. PATTON, on behalf of
10 himself and all others similarly situated, filed a class action lawsuit in the United States District
11 Court for the Central District of California, *Patton v. Schneider National, Inc., et. al.*, Case No.
12 CV09-1010-MMM, which was premised on similar and, in many respects, identical issues;

13       **WHEREAS**, the parties stipulated to the transfer to the United States District Court for
14 the Northern District of California of the *Patton* action and to agree to the consolidation of the
15 *Patton* action with the *Bickley* action;

16       **WHEREAS**, on December 10, 2009, this Court signed a stipulated Order permitting
17 Plaintiffs BICKLEY and PATTON to file a Consolidated First Amended Complaint, and pursuant
18 to that Order, on January 12, 2010, Plaintiffs BICKLEY and PATTON filed their First Amended
19 Consolidated Complaint;

20       **WHEREAS**, on January 21, 2010, the parties jointly moved to amend the scheduling
21 order in light of the consolidation of the *Bickley* and *Patton* cases, and this Court granted the
22 parties' joint motion through an Order entered on January 25, 2010;

23       **WHEREAS**, on May 21, 2010, Plaintiffs GREWE, KABEL, and VANHORN, on behalf
24 of themselves and all others similarly situated, filed a class action lawsuit in the United States
25 District Court for the Northern District of California, CV-10-2208-EDL, which was premised on
26 some of the same or similar issues, as well as an Administrative Motion to Consider Whether the
27 Cases Should be Related;

28       **WHEREAS,** on June 7, 2010, this Court issued an Order relating the *Bickley-Patton*

1  consolidated action, C 08-05806 JSW, to the *Grewe* action, C 10-02208 EDL;

2      **WHEREAS,** on June 14, 2010, Defendants filed a Motion to Dismiss, Stay, or
3  Consolidate the *Grewe* case;

4      **WHEREAS, on** July 20, 2010, this Court ordered that the *Bickley-Patton* consolidated
5  action, case no. C 08-05806 JS, be consolidated with the *Grewe* action, case no. C 10-02208 EDL
6  for all purposes, and ordered that the parties meet and confer and submit a stipulation no later
7  than September 3, 2010, regarding the pre-trial schedule and continuing deadlines;

8      **WHEREAS**, on September 9, 2010, this Court signed the parties' stipulation to continue
9  dates for the pre-trial schedule;

10      **WHEREAS,** since the entry of the last stipulated dates, the parties have been
11  continuously engaged engaged in discovery, preparing for class certification briefing, and overall
12  continuously litigating the case, including the following:

13      a.    Defendant's production of two "employee lists" - one for dedicated and intermodal
14  drivers represented by the Marlin & Saltzman group and another for regional drivers represented
15  by Hagens Berman - to the claims administrator, following which an agreed-upon Bel-Aire West
16  notice was sent to drivers on both lists;

17      b.    Plaintiffs' subsequently mailed  pre-certification letters to those drivers on the
18  "employee lists" who did not send an opt-out post-card pursuant to the agreed upon Belaire-West
19  procedure;

20      c.    The parties have engaged in extensive requests for and responses to written
21  discovery including three sets of requests for production, three sets of interrogatories, and
22  numerous productions of documents and electronic data, including the production of multiple
23  documents and electronic data;

24      d.    Two and a half weeks of depositions occurring in Greenbay, WI (defendant's
25  corporate headquarters)- one week occurring the week of November 02, 2010, which included
26  depositions of six (6) witnesses, and another week and a half round occurring the week of
27  February 21, 2010, which included depositions of seven (7) witnesses.

28      e.    Briefing on Plaintiffs' Motion to Quash thirteen (13) subpoenas issued by

1  Defendant to the four proposed representative Plaintiffs' employers, which has been submitted
2  and still pending for ruling before Magistrate Judge James Larson;

3      **WHEREAS,** in addition to the above, on December 31, 2009, another putative class
4  action was filed against Schneider National Carriers, Inc. in the Central District of California
5  entitled *Beaudoin v. Schneider National Carriers, Inc.,* Case No. CV-10-004975.

6      **WHEREAS,** on October 13, 2010, the Plaintiff in the *Beaudoin* action filed a Motion
7  of Plaintiff for Transfer of Action to the Northern District of California Pursuant to 28 U.S.C.
8  §1407 for Coordinated or Consolidated Pretrial Proceedings;

9      **WHEREAS,** on November 8, 2010, the parties all jointly filed an Opposition to the
10 *Beaudoin* Motion of Plaintiff for Transfer of Action to the Northern District of California
11 Pursuant to 28 U.S.C. §1407 for Coordinated or Consolidated Pretrial Proceedings;

12     **WHEREAS,** on January 27, 2011, the parties attended oral argument regarding the
13 *Beaudoin* motion to transfer before the United States Judicial Panel on Multi-District Litigation in
14 New Orleans, LA;

15     **WHEREAS,** on February 4, 2011, the United States Judicial Panel issued an order
16 denying transfer of the *Beaudoin* action to the Northern District;

17     **WHEREAS,** the *Beaudoin* matter has now been ordered stayed by Central District Court
18 Judge King;

19     **WHEREAS,** the parties have worked diligently to resolve outstanding discovery issues
20 in this case, though there remain certain outstanding discovery issues that may require Court
21 intervention prior to completion of class discovery; which deadline is currently set for May 2,
22 2011, and which require the parties to file discovery motions by March 28, 2011, to comply with
23 the 35 days notice requirement;

24     **WHEREAS,** Plaintiffs plan to amend the complaint (namely, the class definition and to
25 add a representative plaintiff), which motion hearing deadline is currently set for May 6, 2011,
26 and which requires the Plaintiffs to file a motion to amend the complaint by April 1, 2011, but
27 Plaintiffs cannot do so until an outstanding discovery issue is resolved, and Plaintiffs receive the
28 necessary data from Defendant to examine for purposes of amending the class definition;

5

1       **WHEREAS,** Defendant anticipates taking the depositions of the proposed representative
2  Plaintiffs, and has propounded Requests for Production of Documents to the Plaintiffs, which are
3  outstanding, and not due until the end of April;

4       **WHEREAS,** while the parties have been working diligently to resolve all discovery
5  issues, propel the litigation forward, and move toward briefing on class certification, the parties
6  need additional time to resolve outstanding issues and complete all pre-certification discovery
7  work-up, and have been working on a broader stipulation to continue certain pre-trial dates for
8  presentation to this Court;

9       **WHEREAS,** the parties were unable to reach an agreement regarding an overall
10 stipulation to continue pre-trial dates, and agree that both parties would be better served if a
11 discussion could be had with the Court regarding pre-trial dates at the case management
12 conference currently scheduled for April 1, 2011;

13      **WHEREAS,** the parties intend to set forth their respective positions regarding the existing
14 pre-trial dates in a joint case management conference statement, and would like the opportunity to
15 discuss with the Court their issues more extensively at the case management conference currently
16 scheduled for April 1, 2011;

17      <u>**WHEREAS,** in the meantime, the parties agree that an interim stipulation would serve
18 the interests of both parties to relieve the parties from having to request ex-parte relief as to
19 outstanding discovery issues prior to the case management conference scheduled for April 1,
20 2011;</u>

21      **WHEREAS**, given that Defendant Schneider is awaiting Plaintiffs' motion to further
22 amend their class definitions and to add another class representative, Schneider has entered into
23 this agreement and seeks to address scheduling issues further with the Court at the April 1, 2011
24 Case Management Conference to ensure that Schneider has sufficient time to oppose the motion
25 (if necessary), and to take and enforce (if necessary) adequate discovery on the new allegations
26 prior to a certification motion, as well as related discovery issues;

27      **WHEREAS,** the parties agree that removing the existing date for class certification
28 discovery cutoff - May 02, 2011, from calendar would better serve both parties' interests in

6

**CASE NO. 3:08-CV-05806 JSW**
**STIPULATION TO CONTINUE DATES**

1  resolving discovery issues and propelling the litigation forward;

2  **WHEREAS,** given that Plaintiffs are awaiting further discovery responses prior to
3  moving to amend the Consolidated Third Amended Complaint, the parties agree to move the
4  existing date for final hearing on Motions to Amend the Pleadings by one week from May 6,
5  2011, to May 13, 2011;

6  **NOW, THEREFORE,** the parties request the following dates be removed and/or
7  continued:

8  1.  The existing date for class certification discovery cutoff - May 2, 2011, be
9  removed from this Court's September 9, 2010, Order Stipulation to Continue
10  Dates;

11  2.  The last day to hear motions to amend the pleadings be continued from May 6,
12  2011, to May 13, 2011.

14  DATED:  March 22, 2011          **MARLIN & SALTZMAN**
                                     **THE CULLEN LAW FIRM**
15                                   **LAW OFFICES OF PETER M. HART**
                                     **LAW OFFICES OF KENNETH H. YOON**
16                                   **LAW OFFICE OF ERIC HONIG**
                                     **HAGENS BERMAN SOBOL SHAPIRO**
17                                   **REHWALD GLASNER & CHALEFF**

20                                   By: _____/s/_____
                                         Christina A. Humphrey, Esq.
21                                       of Marlin & Saltzman
                                         Attorneys for Plaintiffs

23  DATED:  March 22, 2011          **OGLETREE, DEAKINS, NASH, SMOAK**
                                     **& STEWART, P.C.**

26                                   By: _____/s/_____
                                         Michael Nader, Esq.
                                         Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2011, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses registered, as denoted on the attached Electronic Mail Notice List.  I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

        /S/ Christina A. Humphrey
Christina A. Humphrey

1  **ORDER**

2  Pursuant to the stipulation of the parties to continue dates, the Court ORDERS as follows:

3  1.  The existing date for class certification discovery cutoff - May 2, 2011, is vacated
4      and will be reset at the April 1, 2011 case management conference.   The parties
5      must propose a new cutoff date for class certification discovery in the joint case
6      management conference statement;

7  2.  The last day to hear motions to amend the pleadings be continued from May 6,
8      2011, to June 17, 2011.

9  3.  Any further stipulations or motions to change time must be accompanied by a
10     proposed order and declaration pursuant to Civil Local Rules 6-2 and 6-3.

11

12 **IT IS SO ORDERED.**

13

Dated: March 25, 2011                              _____
                                                   JEFFREY S. WHITE
15                                                 UNITED STATES DISTRICT JUDGE