UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Morris Bickley, | No. C 08-5806 JSW (JL) |
|     Plaintiff, | |
| | ORDER QUASHING SUBPOENAS |
|     v. | (Granting Docket # 71) |
| Schneider National, Inc, | |
|     Defendant. | |
| _____/ | |

### I. Introduction

All discovery has been referred by the district court (Hon. Jeffrey S. White) under 28 U.S.C. §636(b). This Court received the parties' joint letter brief regarding a discovery dispute over Defendant's subpoenas of Plaintiffs' employment records from former employers. The matter was submitted without oral argument under Civil Local Rule 7-1(b). Having carefully considered the positions of the parties and the applicable law, the Court hereby grants the motion to quash.

### II. Background

#### A. Allegations of the Complaint

This is a class action on behalf of all current and former California-based employee drivers of Schneider National at any time from November 25, 2004, to the present, employed in three different driver categories. The case alleges that Defendant's activity-based pay structure for truck drivers violates various provisions of the Labor Code,

by not compensating employees for all hours worked, and that Defendant fails to provide meal and rest breaks in compliance with California law.

**B.    Discovery at Issue**

On November 5, 2010, Defendant issued thirteen subpoenas to previous employers of the named plaintiffs, seeking their "employment records, including but not limited to job application, payroll records, personnel file including any disciplinary records and reasons why employment ended."

Plaintiffs immediately objected to the scope of the subpoenas on grounds that they were invasive of Plaintiffs' privacy rights; irrelevant to the issues of the lawsuit – which focus solely on Schneider's pay practices; and were issued to harass Plaintiffs. In an effort to resolve the dispute, Plaintiffs proposed providing Defendant with verification of and dates of Plaintiffs' employment for each of the previous employers issued a subpoena, in exchange for the withdrawal of the subpoenas.

Defendant disagreed with Plaintiffs' objections, and offered to "revise" the subpoenas. In doing so, Defendant actually expanded its initial subpoena language to include the following: "Employee's job applications, payroll records, descriptions of compensation packages and wage rates, records of meal and rest breaks taken and provided, job descriptions, records of job titles held, dates of service, performance evaluations, performance discipline and management records, grievances or complaints, and records reflecting reasons for the termination of employment. This subpoena does not seek employee's medical or disability records." While Plaintiffs were agreeable to Defendant's withdrawal of the initial request for medical or disability records, Plaintiffs were not agreeable to Defendant's seeking even broader categories of records than originally specified in the subpoena, namely – records of meal and rest breaks taken and descriptions of compensation packages and wage rates.

Plaintiffs object to the scope of the subpoenas as being overly broad and vague, specifically that they seek Plaintiff's "employment records, including but not limited to job application, payroll records, personnel file including any disciplinary records and reasons why employment ended."

While Defendant has asserted certain categories in the meet and confer process, the subpoenas specify otherwise, and the entities have not been placed on notice of those categories. Plaintiffs therefore did not argue regarding items not in the original subpoenas, such as records of meal and rest breaks taken, which are clearly corporate records and not records that would be included in a personnel file. The parties do apparently agree that verification and dates of employment can be sought and that medical and disability records will not be sought.

**III.    Analysis**

Under Rule 26(b)(1), Federal Rules of Civil procedure, a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Under Rule 45(c)(3(A)(iii) an issuing court must quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies.

A party that is not the recipient of the subpoena has standing to challenge the subpoena "where its challenge asserts that the information is privileged or protected to itself." *Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 695 (D.Nev. 1994). Plaintiffs object to the remaining items sought by Defendant on grounds that disclosure of such information would constitute an unwarranted violation of their right to privacy, which is protected under both federal and California constitutions. Under California law, the California Constitution provides citizens of this State with an inalienable right to privacy. Under federal law, a right to privacy is also guaranteed by the U.S. Constitution. (Calif. Const. Art. 1, § 1); *Griswold v. Connecticut*, 381 U.S. 479, 484 (1965)(finding that a right to privacy is implied in the 1st, 3rd, 4th, 5th, and 9th Amendments to the Bill of Rights).

Federal courts expressly recognize a constitutionally-based right of privacy that can be raised in response to discovery. *Breed v. USDC, Northern District*, 542 F.2d 1114, 1116 (9th Cir. 1976). An employee's personnel records and employment information are protected by the constitutional right to privacy. ( *Tylo v. Superior Court* (1997) 55 Cal.App.4th 1379; *Britt v. Superior Ct.* (1978) 20 Cal. 3d 844; *San Diego Trolley, Inc. V. Superior Court* (2001) 87 Cal. App. 4th 1083, 1097; *Harding Lawson Associates v. Superior Court* (1992) 10 Cal. App. 4th 7, 10; *Board of Trustees v. Superior Court* (1981)

119 Cal. App. 3d 516, 528-530.) The records sought by Defendant include private financial information in the form of payroll records, pay packages, and wage rates, as well as private employment information regarding discipline, warnings and reasons for termination. Contrary to Defendant's assertion that no case law supports a privacy finding, these items have all been found to be within an individual's privacy rights. See supra and *Harris v. Vector Marketing Corporation* (Northern Dist. August 16, 2010) Order Granting in Part and Denying in Part Plaintiffs' Motion to Quash, Docket No. 215 (quashing Defendant's subpoena seeking records demonstrating Plaintiffs' hourly rate of pay and whether termination was voluntary or involuntary at previous employers).

Defendant argues that Plaintiffs' privacy rights are diminished because they signed pre-employment authorizations, which were actually a "condition of the employment application with Schneider – clearly, such "forced" authorizations should never be accepted as opening the door to blanket waivers years later, on different issues. The pre-employment authorizations also indicated that they were needed for safety background checks (See, DEF 15, second to last paragraph), again not a reason to justify its use for this litigation. Ironically, it appears that Schneider never requested such records at any time prior, as no prior employment records were contained within the employment files produced to Plaintiffs in discovery in this case. Defendant should not be permitted to rely upon these stale authorizations to justify the pending subpoenas.

The records are also irrelevant to the allegations in this action, which focuses on Schneider's pay structure and its obligation to pay compensation correctly under California law. None of the records sought will bear on the ultimate merits determination in this case – whether Schneider's pay structure violates the law. Unlike the cases relied upon by Defendant, there are no allegations of wrongful termination (*Ragge v. MCA/Universal Studios,* 165 F.R.D. 601 (C. D. Cal. 1995*)*; disability (*Richmond v. UPS Service Parts Logistics,* 2002 WL 745588 (S.D. Ind.*)*; workers' compensation (*Sirota v. Penske Truck Leasing Corp.*, 2006 WL 708910 (N.D. Cal.)*;* or claims made for emotional distress (*Ragge*). Clearly, such actions do open a plaintiff to detailed background investigation – statutory labor code violation allegations simply do not. Moreover, a protective order will not

alleviate the forced revelation of Plaintiffs' private information to Defendant, which Defendant apparently did not find important enough to obtain when it hired Plaintiffs.

Defendant's discovery of Plaintiffs' private information in no way outweighs Plaintiffs' strong privacy interests in the information. The records are neither admissible nor calculated to lead to the discovery of admissible evidence. While the Defendant asserts the avoidable consequences defense to justify the subpoenas, in reality, Plaintiffs knowledge of prior employers violating the law could never justify Schneider's own violations. Rather, it could reasonably be inferred that Defendant's subpoenas were intended to harass Plaintiffs and constitute little more than an abuse of the discovery process. It is not an uncommon practice for drivers to move around from company to company, often even returning to previous employers. The stigma associated with the issuance of the subpoenas, as evidence of Plaintiff's participation in a lawsuit against an employer, is more profound in this instance given the high rates of turnover in the trucking industry as a whole.

While Defendant argues that the filing of the lawsuit itself is a stigma, the reality is that the issuance of the subpoenas ensured the previous employers' knowledge of the lawsuit, which may well have a profound negative impact on future employment prospects for these Plaintiffs.

**IV. Conclusion**

For all the above reasons: Plaintiffs' privacy rights in their employment records with previous employers, the overbreadth of the subpoenas, the irrelevance of the discovery sought, and the chilling effect of the notice of this lawsuit to former and potential future employers, this Court hereby grants Plaintiff's motion to quash Defendant's subpoenas.

IT IS SO ORDERED.

DATED: April 8, 2011

_____
JAMES LARSON
United States Magistrate Judge

G:\JLALL\CASES\CIV-REF\08-5806\Order Grant 71.wpd