IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MORRIS BICKLEY, MICHAEL D. PRATTON, RAYMOND GREWE, DENNIS VANHORN, and DOUGLASS PUMROY, individually and on behalf of themselves, all others similarly situated, and the general public,

    Plaintiffs,

v.

SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation, and DOES 1 to 10, inclusive,

    Defendants.

No. C 08-05806 JSW

**ORDER REQUIRING FURTHER BRIEFING**

Now before the Court is the motion for class certification filed by Plaintiffs Morris Bickley, Michael D. Pratton, Raymond Grewe, Dennis Vanhorn, and Douglass Pumroy ("Plaintiffs"). Upon review of the parties' pleadings and papers and the relevant legal authority, the Court finds that further briefing would be beneficial. Plaintiffs move to certify a class, as well as several subclasses, on their claims that Schneider failed to pay minimum and/or designated wages for all hours worked and miles driven. Having reviewed the parties' pleadings and supporting evidence, it is not clear what Schneider's pay package or packages actually entail. Therefore, the Court seeks some clarification.

Plaintiffs argue that Schneider's pay packages are either characterized as mileage, activity based pay ("ABP"), or salary, and argue that the mileage and ABP packages include pay for "accessorials." What specific activities are included in ABP package or packages?

What specific accessorials are included in the mileage pay package or packages? What specific accessorials are included in the ABP package or packages?

Schneider argues that its pay system also includes load pay and discretionary pay. Is load pay included in every mileage pay package and in every ABP pay package? How is load pay determined? If employees are paid load pay, are they also paid for their estimated mileage and/or accessorials? What specifically are the tasks for which Schneider authorizes discretionary pay?

Are these different pay packages imposed by a policy of Schneider or pursuant to individual written or oral agreements with its employees? Are employees or categories of employees always paid under the same pay package, or do the pay packages vary with each assignment? Additionally, are all employees in the proposed subclasses provided the same pay package, or do the pay packages vary within the proposed subclasses? If so, how do they vary?

Are employees provided with a written or oral description of their pay package? If not, how do employees know what their pay package is?

By no later than 3:00 p.m. on January 27, 2012, Plaintiffs shall provide additional briefing to address the Court's questions. Plaintiffs shall cite to the evidence in the record in support of their responses. If the evidence is not yet in the record, Plaintiffs shall submit supplemental evidence with their response. By no later than 3:00 p.m. on February 10, 2012, Schneider shall respond to the Court's questions and Plaintiffs' additional briefing. Schneider shall cite to the evidence in the record in support of its responses. If the evidence is not yet in the record, Schneider shall submit supplemental evidence with their response. Plaintiffs may file a reply by no later than 3:00 p.m. on February 17, 2012.

///
///
///
///
///
///

2

The Court notes that the California Supreme Court held a hearing in *Brinker Restaurant Corporation v. Superior Court* on November 8, 2011. The parties shall inform the Court when the California Supreme Court issues its opinion in this case.

**IT IS SO ORDERED.**

Dated: January 12, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE
BY HON. JAMES WARE