IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS BICKLEY, MICHAEL D. PRATTON, RAYMOND GREWE, DENNIS VANHORN, and DOUGLASS PUMROY, individually and on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation, and DOES 1 to 10, inclusive,<br><br>Defendants. | No. C 08-05806 JSW<br><br>**ORDER TO DEFENDANTS TO SHOW CAUSE WHY DOCUMENTS SHOULD NOT BE FILED IN THE PUBLIC RECORD** |

On September 6, 2011 and February 2, 2012, Plaintiffs filed requests for sealing orders pursuant to Northern District Civil Local Rule 79-5(d), in which they seek to file under seal documents designated confidential by Schneider which Plaintiffs have filed in support of their motion for class certification and supplemental briefing. Pursuant to Rule 79-5(d), when such a request is made, within five (5) days thereafter, "the designating party must file with the Court and serve a declaration establishing that the designated information is sealable." If the designating fails to file such a declaration, "the document or proposed filing will be made part of the public record."

Schneider's declarations were due to be filed by September 11, 2011 and February 7, 2012, respectively, but have not yet been filed. Accordingly, by no later than May 21, 2012,

1 Schneider is HEREBY ORDERED to file a declaration establishing cause for sealing any
2 portion of the documents Plaintiffs filed in support of their motion and their supplemental
3 briefing. If Schneider fails to comply with this Order, the Court shall deny Plaintiffs' motion
4 and shall order that the documents be filed in the public record. The Court notes that this is the
5 last time it will remind *any party* to this case of their obligations under Local Rule 79-5(d).
6 Failure to file the requisite declaration within the required time period will *automatically* result
7 in the Court denying a motion to seal and ordering the exhibits filed in the public record.

8 Moreover, the Court has previously admonished Schneider that its requests to seal were
9 over broad. As a public forum, the Court will only entertain requests to seal that establish good
10 cause and are narrowly tailored to seal only the particular information that is genuinely
11 privileged or protectable as a trade secret or otherwise has a compelling need for
12 confidentiality. Documents may not be filed under seal pursuant to blanket protective orders
13 covering multiple documents. In addition, counsel should not attempt to seal entire pleadings or
14 declarations without a particularized showing explaining why the request could not be more
15 narrowly tailored. Any order granting a request to seal shall direct the sealing of only those
16 documents, *pages, or if practicable, those portions of documents or pages* that contain the
17 information requiring confidentiality. All other portions of such documents shall remain in the
18 public file. Civil L.R. 79-5(b) & cmt. Despite this previous admonition, Schneider still seeks
19 to seal entire documents, with out any effort to parse out paragraphs or portions which may not
20 be confidential. By no later than May 21, 2012, Schneider is directed to make a further
21 showing, detailing which *specific portions*, if any, of the documents in question has a
22 compelling need for confidentiality. Moreover, Schneider is admonished that this is the last
23 time the Court will provide Schneider with a warning regarding over broad requests to seal. In
24 ///
25 ///
26 ///
27 ///
28 ///

2

1  the future, failure to file narrowly tailored requests to seal will result in the requests being
2  denied without further notice.
3  **IT IS SO ORDERED.**

5  Dated: May 21, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE