IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS BICKLEY, MICHAEL D. PRATTON, RAYMOND GREWE, DENNIS VANHORN, and DOUGLASS PUMROY, individually and on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation, and DOES 1 to 10, inclusive,<br><br>Defendants. | No. C 08-05806 JSW<br><br>**ORDER DENYING MOTION FOR A STAY AND MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

Now before the Court are the motions filed by defendant Schneider National Carriers, Inc. ("Schneider") for a stay of discovery and of the briefing and hearing of Schneider's motion for summary judgment and for leave to file a motion for reconsideration. Upon review of the parties' papers and the relevant legal authority, the Court finds that a stay of discovery and of the briefing and hearing of Schneider's motion for summary judgment is not warranted. Accordingly, the Court DENIES Schneider's motion for a stay.

Under local rule 7-9, a party may seek leave to file a motion for reconsideration any time before judgment. N.D. Civ. L.R. 7-9(a). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of

law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment. N.D. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument previously asserted to the Court. *Id.*, 7-9(c).

Schneider argues that the Court failed to resolve substantive legal issues that were necessary to resolve the motion for class certification. According to Schneider, the Court was required to determine whether or not Schneider's pay scheme is legal before it determined that class certification was warranted. The Court disagrees. Whether or not Schneider's pay scheme is a legal question raised by Plaintiffs' lawsuit. The applicable inquiry before the Court on the motion for class certification was whether this is a legal question that may be addressed on a class-wide basis. The Court determined that it is. If Schneider wants the Court to determine the legality of its pay scheme, Schneider may seek such a determination through a motion for summary judgment.[1]

Schneider further contends that the Court erroneously determined that it had made a concession and premised the Order granting class certification on this purported concession. Schneider takes issue with the Court's statement that "Schneider concedes that it unilaterally determines the pieces for which its employees are paid and that it is not relying on the drivers' intent or expectations." (Order at 7.) Perhaps "concession" was not the appropriate word. Nevertheless, neither party argues, or demonstrates, that the drivers' pay is determined, in part, on the drivers' understanding or intent. Schneider determines what the pay is. The issue, common to all class members, is whether Scheider's pay scheme of "including" or "building in" pay for certain tasks is legal. Schneider has not demonstrated that the Court erred in

///

///

///

---

[1]. The Court notes that Schneider filed its motion for summary judgment before the Court ruled on Plaintiffs' motion for class certification. If Schneider would like to move for summary adjudication of this legal issue, the Court hereby provides Schneider leave to withdraw its current motion for summary judgment and file a revised motion to include this legal issue. If Schneider wants to revise its motion for summary judgment, it shall file a notice of withdrawal by no later than noon on January 7, 2012. Defendants' revised motion for summary judgment, if any, shall be filed by no later than January 25, 2013.

2

1  determining that class certification should have been granted. Accordingly, the Court DENIES
2  Schneider's motion for leave to file a motion for reconsideration.
3  **IT IS SO ORDERED.**

5  Dated: January 3, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

Case3:08-cv-05806-JSW Document198 Filed01/03/13 Page4 of 4