UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS BICKLEY, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SCHNEIDER NATIONAL, INC., et al.,<br><br>　　　　Defendants. | Case No. 08-cv-05806-JSW<br><br>**ORDER RE MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND ORDER DENYING ADMINISTRATIVE MOTION**<br><br>Re: Dkt. Nos. 233, 247 |

Now before the Court is Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. The Court has considered the parties' papers, relevant legal authority, and the record in this case. For the reasons set forth in this order, the Court hereby ORDERS Plaintiffs to submit a revised Notice of Proposed Class Action Settlement and Hearing and a revised Proposed Order Granting Motion for Preliminary Approval of Class Action Settlement. The Court also provides the opportunity for submission of other documents, as set forth below. The Court HOLDS IN ABEYANCE the Motion for Preliminary Approval pending these supplemental submissions.[1]

The Court's review of this proposed class action settlement is governed by Rule 23(e) of the Federal Rules of Civil Procedure. That rule generally requires the Court "to determine whether a proposed settlement is fundamentally fair, adequate, and reasonable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (citing Class *Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)). "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Id.* (citing *Officers for Justice v.*

---

[1] The Court also DENIES Plaintiffs' unopposed administrative motion requesting the scheduling of a telephone conference.

*Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 628 (9th Cir. 1982)).

"District courts have interpreted Rule 23(e) to require a two-step process for the approval of class action settlements: 'the Court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted.'" *In re High-Tech Emp. Antitrust Litig.*, No. 11-cv-02509-LHK, 2014 WL 3917126, at *3 (N.D. Cal. Aug. 8, 2014) (quoting *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004)). At the final approval stage, the Court balances the following non-exhaustive factors to evaluate the fairness of the proposed settlement: "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon*, 150 F.3d at 1026 (citing *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993)).

It is less well-established what factors should guide the Court's evaluation of the proposed settlement at the preliminary approval stage. "Some district courts . . . have stated that the relevant inquiry is whether the settlement 'falls within the range of possible approval' or 'within the range of reasonableness.'" *In re High-Tech Emp. Antitrust Litig.*, 2014 WL 3917126, at *3 (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp.2d 1078, 1079 (N.D. Cal. 2007)). Preliminary approval of a settlement and notice to the proposed class is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls with the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1079 (quoting Manual for Complex Litigation, Second § 30.44 (1985)). In determining whether the proposed settlement falls within the range of reasonableness, the Court evaluates the relative strengths and weaknesses of the plaintiffs' case, and balances Plaintiffs' expected recovery against the value of the settlement offer. *Cotter v. Lyft, Inc.*, --- F. Supp. 2d ---, No. 13-cv-04065-VC, 2016 WL 1394236, *4 (N.D. Cal. April 7, 2016) (quotations and citations

omitted).

The Northern District of California provides procedural guidance for class action settlements, available at http://cand.uscourts.gov/ClassActionSettlementGuidance.

The Court has reviewed the terms of the Class Action Settlement Agreement (Dkt. No. 235-1) and finds that it generally falls within the range of possible approval. The same is not true, however, of the proposed Notice of Proposed Class Action Settlement and Hearing (Dkt. No. 235-2) (the "Notice") and Proposed Order Granting Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 235-3) (the "Proposed Order").

Accordingly, the Court is tentatively inclined to grant the motion for preliminary approval, subject to the submission of an appropriate revised notice of proposed class action settlement and hearing and revised proposed order. The parties may, but need not, file a supplemental motion, not to exceed ten pages, as well as an optional supplemental declaration, to show good cause regarding any of the issues raised below. These revised documents should address the following concerns.

1. Paragraph III.B. of the Notice states that class members *must* submit any objection to the proposed settlement in writing in order to appear at the final approval hearing, and that any written objections shall state each specific reason and any legal support for each objection. This requirement differs from the Northern District of California's procedural guidance for class action settlements, and the Court declines to impose such a requirement on objectors. The Notice should make clear that objections may be submitted in writing, but that opportunity will be provided at the hearing for all objections to the settlement to be presented to the Court, regardless of whether a written statement has been filed previously.

2. Paragraph III.B. of the Notice also requires that all written objections must be mailed to three separate addresses, none of which is this Court. No good cause has been shown to impose such a burdensome requirement on objectors. The notice should instruct class members who wish to object to the settlement to send their written objections only to the Court. All objections will be scanned into the

3

electronic case docket and the parties will receive electronic notices of filing. Language that the parties may use for this purpose, absent a showing of good cause why other language is more appropriate, is set forth in this Court's Procedural Guidance for Class Action Settlements.

3. The Court suggests that Paragraph VI.4. of the Notice additionally advise class members that they may check the Court's calendar, which is available via a link at http://cand.uscourts.gov/jsw, to confirm that the date for the final approval hearing has not been changed.

4. Paragraph 3 of the Proposed Order refers to the class and subclasses previously certified, but only describes the class. Paragraph 4 of the Proposed Order states that the Court preliminary certifies, for settlement purposes, certain subclasses. The parties shall revise these paragraphs to accurately reflect the class and subclasses that have been certified, or, if seeking to amend the definition of either the class or the subclasses, shall expressly address in their supplemental motion any differences between the proposed settlement class and subclasses and the class and subclasses previously certified.

5. Paragraphs 5, 6, 9, and 10 of the Proposed Order appear to be unnecessary and/or redundant at this stage of the proceedings, and are ambiguous with regard to whether they prematurely seek final approval of various aspects of the settlement at this preliminary stage. Absent a showing of good cause in the supplemental motion, the Court is tentatively inclined to hold that all such paragraphs should be removed from the Proposed Order.

6. Likewise, regarding Paragraph 8 of the Proposed Order, the Court is tentatively inclined to approve the appointment of CPT Group, Inc., as the Settlement Administrator to supervise and administer the notice procedure. However, absent a showing of good cause, it is unclear why the appointment for the purpose of the processing of payments under the Settlement Agreement is appropriate at this stage of the proceedings.

4

7. Paragraphs 11-15 of the Proposed Order purport to impose upon class members seeking to be excluded from, or to object to, the settlement various requirements that are not set forth in the Notice. Absent a showing of good cause in the supplemental motion, the Court is tentatively inclined to replace these paragraphs with a single paragraph incorporating by reference the provisions of the Notice.

8. The Proposed Order should include a provision that all blanks in the Notice shall be accurately filled in prior to the mailing of the Notice.

9. The Proposed Order should include a paragraph providing that at the final approval hearing, Plaintiffs' counsel shall provide the Court with updated information concerning requests for exclusion from the class, objections, or other communications received in response to the Notice.

For the foregoing reasons, the Court hereby ORDERS Plaintiffs to submit a revised Notice of Proposed Class Action Settlement and Hearing and a revised Proposed Order Granting Motion for Preliminary Approval of Class Action Settlement. These revised documents are due May 9, 2016. The parties may, but need not, file a short supplemental motion, not to exceed ten pages, as well as an optional supplemental declaration, in connection with their filing of these revised documents. Any opposition or response to the revised documents is due May 16, 2016.

Additionally, the parties are requested to file a stipulated revised proposed schedule for notice and for the final approval hearing, similar to the schedule set forth in Docket No. 244. The parties may calculate such a proposed schedule based on the Court's intention to rule on the supplemented Motion for Preliminary Approval by May 31, 2016.

The Court HOLDS IN ABEYANCE the Motion for Preliminary Approval pending these supplemental submissions.

**IT IS SO ORDERED.**

Dated: April 25, 2016

JEFFREY S. WHITE
United States District Judge