**MARLIN & SALTZMAN**
**[LEAD COUNSEL FOR DEDICATED/INTERMODAL DRIVERS]**
Stanley D Saltzman, Esq. (SBN 90058)
William A. Baird, Esq. (SBN 192675)
29229 Canwood Street, Suite 208
Agoura Hills, California 91301-1555
Telephone:    (818) 991-8080
Facsimile:    (818) 991-8081
ssaltzman@marlinsaltzman.com
tbaird@marlinsaltzman.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
**[LEAD COUNSEL FOR REGIONAL DRIVERS]**
Steve W. Berman, Esq.
Lee M. Gordon, Esq. (SBN 174168)
301 N. Lake Avenue, Suite 920
Pasadena, California   91101
Telephone:    (213) 330-7150
Facsimile:    (213) 330-7152
Lee@hbsslaw.com

Attorneys for Plaintiffs and Class
(additional counsel listed on next page)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| MORRIS BICKLEY, MICHAEL D. PATTON, RAYMOND GREWE, DENNIS VANHORN, and DOUGLAS PUMROY, individually and on behalf of all others similarly situated, and the general public,<br><br>Plaintiffs,<br>v.<br><br>SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation, and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 4:08-cv-05806-JSW<br>**CLASS ACTION**<br><br>Assigned to Hon. Jeffrey S. White<br>United States District Judge<br><br>**DECLARATION OF STANLEY D. SALTZMAN IN SUPPORT OF PLAINTIFFS' PLAINTIFFS' MOTION TO REQUIRE POSTING OF APPEAL BOND BY OBJECTORS WALTER E. ELLIS AND RANDALL PITTMAN**<br><br>Date:    December 2, 2016<br>Time:    9:00 a.m.<br>Dept.:    5, Second Floor<br><br>Complaint Filed:    November 25, 2008 |

*Additional Plaintiffs' Counsel*

1  Marcus J. Bradley, Esq. (SBN 174156)
   **BRADLEY GROMBACHER LLP**
2  2815 Townsgate Road, Suite 130
3  Westlake Village, CA  91361
   Telephone:     (805) 212-5124
4  mbradley@bradleygrombacher.com

5  Paul T. Cullen, Esq. (SBN 193575)
   **THE CULLEN LAW FIRM, APC**
6  29229 Canwood Street, Suite 208
   Agoura Hills, California  91301-1555
7  Telephone:     (626) 744-9125; (818) 338-8915
   Facsimile:     (866) 794-5741
8  paul@cullenlegal.com

9  Peter M. Hart, Esq. (SBN 198691)
   **LAW OFFICES OF PETER M. HART**
10 12121 Wilshire Boulevard, Suite 205
   Los Angeles, California  90025
11 Telephone:     (310) 478-5789
   Facsimile:     (509) 561-6441
12 hartpeter@msn.com

13 Kenneth H. Yoon, Esq. (SBN 198443)
   **LAW OFFICES OF KENNETH H. YOON**
14 One Wilshire Blvd., Suite 2200
   Los Angeles, California  90017
15 Telephone:     (213) 612-0988
   Facsimile:     (213) 947-1211
16 kyoon@yoon-law.com

17 Eric Honig, Esq. (SBN 140765)
   **LAW OFFICE OF ERIC HONIG**
18 P.O. Box 10327
   Marina del Rey, California   90295
19 Telephone:     (310) 314-2603
   Facsimile:     (310) 314-2793
20 erichonig@aol.com

21 Steve W. Berman, Esq.
   **HAGENS BERMAN SOBOL SHAPIRO LLP**
22 1918 Eighth Avenue, Suite 3300
   Seattle, Washington   98101
23 Telephone:     (206) 623-7292
   Steve@hbsslaw.com

24
   Daniel Chaleff, Esq. (SBN 173028)
25 **CHALEFF REHWALD**
   5855 Topanga Canyon Blvd., Suite 400
26 Woodland Hills, California   91367-4600
   Telephone:     (818) 703-7500
27 Facsimile:     (818) 703-7498
   DChaleff@rehwaldlaw.com

28

**I, Stanley D. Saltzman, declare as follows:**

1. I am an attorney licensed to practice in all Courts in the State of California. I am a partner with the firm of Marlin & Saltzman LLP, Co-Lead Counsel for the certified Class in the above-captioned action and Lead Counsel for the Dedicated/Intermodal Driver Subclass in particular. I make this Declaration in support of Plaintiffs' Motion Requiring Objectors Walter L. Ellis and Randall Pittman to File an Appeal Bond for any appeal that either files in this action, individually or jointly. Unless otherwise indicated, I have personal knowledge of the facts set forth herein and could competently testify to them if called as a witness.

2. Attached hereto and incorporated herein as Exhibit "1" is true and correct copy of printout from a website with the address of www.truckersomplaint.com/id67/html. It is my understanding that Mr. Ellis posts information on this website.

3. Based on past experience with appeals involving wage and hour class actions, I estimate that recoverable costs pursuant to FRAP 39(e) could be at least $4,500. In fact, during the course of a recent appeal involving a class action, my firm's costs for preparing the record, copying the record, and eventually filing and serving the relevant documents, exceeded $10,000.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 25, 2016, in Agoura Hills, California.

                               *s/ Stanley D. Saltzman*
                               Stanley D. Saltzman

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

2  The undersigned hereby certifies that a true and correct copy of the foregoing **DECLARATION OF STANLEY D. SALTZMAN IN SUPPORT OF PLAINTIFFS' PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REQUIRE POSTING OF APPEAL BOND BY OBJECTORS WALTER E. ELLIS AND RANDALL PITTMAN** was filed electronically with the Clerk of Court at my direction using the CM/ECF system, which will send notification of such filing to all counsel of record on the 25th day of October, 2016.

By: /s/ Stanley D. Saltzman
Stanley D. Saltzman, Esq.

# EXHIBIT 1

## Declaration of Stanley D. Saltzman

# EXHIBIT 1

## Declaration of Stanley D. Saltzman

# HOW SCHNEIDER NATIONAL CARRIERS, Inc.s SCHEMES, FRUAD / CONSPIRACY caused ELLIS to file BANKRUPCY

## Walter Ellis' SCHNEIDER "RACIAL" complaints

SCHNEIDER V ELLIS    SCHNEIDER V ELLIS    PACHECO CONTEMPT Hearings    Schneider's DOT/PAGA Violations    PRIVATE ATTORNEY Gen. ACT    Walter Ellis SCHNEIDER Complaint    Testimonials
Contact Us    Links    Product Detail    Product Detail

### WALTER ELLIS' COMPLAINT(S) AGAINST SCHNEIDER NATIONAL CARRIERS, INC.

It is possible and more likely that the reason(s) terminated my employment as a truck driver is due to me being an African American, with the galls to complain about SCHNEIDER'S numerous DOT violations, California Workforce Commission, PAGA etc. violations.

After being injured by SCHNEIDER I was terminated, sued for posting complaints on web site(s). truckerscomplaint.com....see
**WHY??? DOT ALLOW SCHNEIDER to VIOLATE RULES/REGULATIONS LLEGALLY?** http://schneiderdotviolations.blogspot.com/ I
http://unitedaffirmativeactiondevelopment.com/

SCHNEIDER DEPOSITION#4A deposition taken by Liberty Mutual regarding a workman Comp claim against SCHNEIDER NATIONAL CARRIERS,INC (SNI) after Walter Ellis was injured by employee January 13, 2009_
click on vido below & more on ..............http://www.youtube.com/uaad23

Walter Ellis·30 videos....    Address COMMENTS to uedcinc@aol.com
dotviolation

https://storage.googleapis.com/support-kms-prod/SNP_2618011_en_v2

Search   ● This site   ○ The Web

Bickiey v Schneider Case Administrator
PO Box 2730
Portland, OR 97208-2730

To:WALTER ELLIS
MURRIETA CA 92562
**NOTICE OF LAWSUIT AGAINST SCHNEIDER NATIONAL CARRIERS, INC.**
ON BEHALF OF CURRENT AND FORMER CALIFORNIA-BASED
LOCAL AND REGIONAL DEDICATED AND INTERMODAL DRIVERS

A lawsuit has been filed against Schneider National Carriers, Inc. ("Schneider") by two former drivers on behalf of themselves and all other current and former California-based local and regional Dedicated and Intermodal drivers. The attorneys bringing this lawsuit have asked Schneider to release your name and home address, so that they may send you a letter regarding the case.

On January 12, 2010, Morris Bickiey and Michael D. Patton filed an amended complaint against Schneider National Carriers, Inc., on behalf of themselves and all other current and former California-based local and regional Dedicated and Intermodal drivers. The lawsuit is entitled Morris Bickiey, et al. v. Schneider National Carriers, Inc., et al., and is pending in the United States District Court for the Northern District of California, before the Honorable Jeffrey S. White, Case No. 08-CV-05806-JSW. Mr. Bickiey and Mr. Patton allege that Schneider's drivers were not properly compensated for all of the time they worked. Specifically, they allege Schneider did not compensate drivers for certain tasks they performed, such as performing pre-and post-trip inspections, fueling tractors, waiting for dispatch to notify them of their next assignment over the on-board computer after delivering a load, waiting in lines for periods of extended time ("Detention Time"), washing vehicles, hooking and unhooking empty trailers, and filling out and submitting paperwork to the corporate office_ Mr. Bickiey and Mr. Patton also allege Schneider did not provide its drivers with thirty (30) minute,
uninterrupted meal breaks or paid ten (10) minute rest breaks for each four (4) hour period during which drivers worked. They further allege Schneider failed to pay all accrued vacation wages upon any driver's separation from the company. Schneider denies that it has violated the law.
To assist in their investigation of these allegations, Mr. Bickiey's and Mr. Patton's attorneys wish to send you a letter advising you of the pending litigation. To do so, they have requested the release of your name and home address so that a letter may be sent to you. The release of your name and home address will be kept confidential and used only for purposes of sending you a letter regarding the case. THIS NOTICE IS NOT A COMMUNICATION FROM THE COURT AND IS NOT an EXPRESSION OF ANYOPINION BY THE COURT AS TO THE MERITS OF THE CLAIMS OR DEFENSES BY EITHER SIDE IN THIS LITIGATION. PLEASE DO NOT CONTACT THE COURT OR THE CLERK OF THE COURT.

### SCHNEIDER'S possible DOT & other Violations

On January 12, 2009 a representative of UAAD spoke to a US FMSCA representative in Sacramento, CA regarding possible DOT violations committed by SCHNEIDER trucking. These possible violations include the following complaints by drivers:

1. DBLs require that drivers start their work day in an off duty status while:    a. Pre-tripping truck/trailer
   b. Trip planning during load assignment process. These duty assignments are required prior to starting the 14 hour work day. Some of the accounts, as WAL-MART, are assigned that will not allow for the load(s) to be delivered within the 14 hour DOT work rule, if drivers show their actual starting time.

2. Trips are dispatched at an average speed of 45-50 MPH not taking in consideration road conditions, terrain, traffic, time zones etc.

3. Most WAL MART trips are scheduled so tight that many, if not most, have little or no time after the 14 hour shift to get back to the terminal, or a reasonable DOT break site. DBLs and their supervisors are aware of these conditions, but fail to make corrections.

*The DOT representative stated these were clear violations his department would investigate, and in his opinion were clear violations of DOT rules and regulations.*

**Health and Safety Issues:**

Drivers are assigned to trucks that reek of cigarette smoke and other unsanitary conditions. Those who complain are told by some DBLs to clean the truck on their own time, and they will be paid a maximum of $40. Upon contacting OSHA at 909 383-4321, they advised that a complaint would have to be made to:
San Bernardino Department of Public Health "Tobacco Use Deduction Now"
909 387-6000

After OSHA have received three complaints from that agency, OSHA will than investigate, or take action. **www.truckerscomplaint.com**

### UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:
Lee Gordon        Douglas J. Farmer
Proceedi ngs:
Plaintiff's Unopposed Motion for Preliminary Approval of Amended Class Action Settlement as falling within the Range of Possible Approval (Filed 2/15/13, Doc. # 117)
The case is called. Counsel are present. Also present is Objector Walter Ellis. The Court addresses Objector Walter Ellis and advises him that he is premature as to his objection. The Court advises counsel that the motion will be GRANTED. Counsel shall ema il a Word or WordPerfect version the Revised Notice and Proposed Order to the Clerk by the close of business today. *IT IS SO ORDERED.*

*Complaint(s) against Judge Pacheco, Willmon, Fontana PD, San Bernardino DA*

**Wrong Miles S. Mittelstadt? Associate General Counsel Schneider National Inc**
Background / Employment History
Attorney
Schneider National Inc
http://www.zoominfo.com/#!search/profile/person?personid=123397231&targetid=profile
**Web References**
**DAVID (Wellis) VS GOLIATH (SCHNEIDER NATIOAL)........**
  **why TRUCKERS Need to ORGANIZE........**
**www.truckerscomplaint.com** 11 Dec 2011 [cached]
Miles S. Mittelstadt Associate General Counsel Schneider National, Inc. SCHNEIDER'S HARRASSMENT for filing a DOT Complaint. This is your final chance to stop your false allegations, leave us alone, and to cease sending your e-mails to anyone in the Schneider organization other than me. Your failure to cease such harassment will result in our legal action against you. Govern yourself accordingly.
Miles S. Mittelstadt, Associate General Counsel /Schneider National,
mittelstadtm@schneider.com
    http://www.ripoffreport.com/trucking-companies/schneider-national-i/schneider-national-inc-noti-5e684.htm

*"For example, they may only be compensated for 500 miles when in actuality they drove 700 miles," Humphrey said. "The drivers are not being accurately compensated for those additional 200 miles they drove. The DOT logs that the drivers have to fill out require that they record their actual miles driven, regardless of what the HHMG says they should be paid for."*
In the lawsuit Bickley v. Schneider National Carriers, Inc., drivers also allege they are not being
compensated for all of the miles they drive. The company's pay system is based on the household Movers Guide software system, which pays drivers ZIP code to ZIP code.
http://www.landlinemag.com/Story.aspx?StoryID=24252http://www.kendalllawgroup.com/news/disability-discrimination-lawsuit-filed-against-schneider-national-carriers-inc/
This ruling is both procedurally and substantively significant. Procedurally, Bickley adds to the growing body of authority demonstrating that the rigorous analysis mandated by the U.S. Supreme Court's *Wal-Mart v. Dukes* decision did not effectively end class actions, as many had predicted. Substantively, the Bickley decision applies the California Supreme Court's *Brinker v. Super. Ct.*, issued just this past spring.
http://www.impactlitigation.com/2012/10/01/bickley-v-schneider-federal-court-certifies-meal-and-rest-break-class/
**Bank of America Agrees to Massive $2.3-Billion Class Action Settlement**

---

Why can't I go to court 8/30/2013, argue:
1. I was denied due process SCHNEIDER, first with the W/C case when I was denied while in Pro-Per to question defendants and witness.

2. The contempt order should be void due to Judge Pacheco violating my right to due process when he denied the 170.6 complaint that I filed timely, as Judge Frangie agreed, see transcript 12/15/2011 SNI's

This Malicious Prostitution should not have been allowed by Judge Pacheco:
  Count (1) Libel Per Se was dismissed by Judge Frangie, see:
    Schneider National, Inc., et al. v. Walter Ellis CASE No. CIVSS 800507, see:

11/02/10
San Bernardino District Civil/Probate Division (Court room S-31)

Re: Case #
CIVDS 906308
303 W. Third Street, San Bernardino, Ca. 92415-0302 Civil - (909) 382-3626 Fax- (909) 382-7683

Judge Frangie,
This fax is regarding a hearing in Court room 31 re: an attempt hearing I didn't think I was to attend.
If attendance was necessary my medical condition will not allow. I am being fitted for a wheel chair at the VA due to my inability to get around. I have asked and been granted a stay until 12/15/10 by Judge Janet M. Frangie.
The Judge in S-31 was dismissed with a 170.6? It was my belief that I didn't have to appear before Judge John M. Pacheco.
I received the following docs and telephone conversations indicating that my next court appearance would be in s-32 12/15/10 at 8:30AM, see attachments.
We have looked at the court calendar and cannot find an appearance for 11/3/09.
Attorney David Binder called at 4:25Pm this date and threatened that a warrant would be issued for my arrest if I didn't appear 11/3/10 in court room 31, which I wasn't aware, nor able to appear.
I am faxing you the court these documents from S-32 and documents I have recovered from the court calendar.
Walter L. Ellis, uedcinc@aol.com
Lake Elsinore, CA 92530
951 452-9160 Cell
Cc: Attorney David Binder

**TENTATIVE RULINGS**

The court rules as follows on the Motions of Defendant Walter Ellis for Judgment on the Pleadings of the Complaint and for a Stay of Proceedings:

Motion for Judgment on the Pleadings By Defendant Walter Ellis

1. The motion is denied as to the First and Third Causes of Action. These causes of action are pleaded sufficiently. The Court cannot consider the "facts" or "evidence" Defendant seeks to show that are outside the face of the pleading in determining this motion.

2. The motion is granted as to the Second Cause of Action. The allegations are insufficient to establish that Defendant Ellis violated *Business & Professions Code Section* 12425 which requires that Ellis used Schneider's mark in connection with the sale, distribution, offering for sale, or advertising of goods or services.

The First and Third cause of action are trumped up charges in order to retaliate against me for:
  My being a **WHISTLE BLOWER** and filing:
    **OSHA Whistleblower Protection for Trucking Employees**
When reporting DOT violations and other safety conditions, many drivers are not aware of the protection provided for drivers under the "whistleblower policy."   See links below for more info and how to file a complaint: www.osha.gov/Publications/OSHA-factsheet-whistleblower-trucking.pdf
www.dir.ca.gov/dlse/dlseDiscrimination.html (there are different reasons for the complaint that can be clicked on and includes "retaliation")
The link below is a reply from FMCSA/DOT re the above complaint against SCHNEIDER NATIONAL CARRIERS, INC.

| Text Box: Wisconsin Division Office 1 Point Place Suite 10 | http://www.google.com/search?hl=en&rls=com.microsoft:*:IE-Address&rlz=1I7GZEZ&q=schneider+truckers+complaints&start=10&sa=N http://www.truckerscomplaint.com/id16.html |
|---|---|
|  |  |

**DOT complaints:**

Description of document: FOIA CASE LOGS for: US Department of Transportation Federal Motor Carrier Safety Administration for Aug-Nov 2007
Requested date: 29-July-2011
Title of Document U.S. Department of Transportation Federal Motor Carrier Safety Administration OFFICE REPORT
(Detailed) FMCSA / DOT violations: Please Expedite:

**California Clarifies, Strengthens Wage Statement Statute**

Posted by Walter Ellis uedcinc@aol.com

In the lawsuit Bickley v. Schneider National Carriers, Inc., drivers also allege they are not being compensated for all of the miles they drive. The company's pay system is based on the household Movers Guide software system, which pays drivers ZIP code to ZIP code.



Date/date range of document: 01-June-1998 – 29-July-2011
SCHNEIDER NATIONAL CARRIERS, INC.
P.O. Box 2545
Green Bay, WI 54306
920 592-2000        www.schneider.com
To include: March 16, 2009

Text Box: f   Walter Ellis
11;1)           33432 Hillcrest Ct Wildomar CA 92595
U.S.Depart  Dear Mr. Ellis;
of

This is in response to your fax to our office concerning the safety practices of Schneider National Carriers Inc. The Federal Motor Carrier Safety Administration is very much concerned with acts of noncompliance with the Federal Motor Carrier Safety Regulations by motor carriers and their employees. Your comments have been noted and an investigation will be conducted regarding the safety violations you allege. It may be necessary during this investigation for the safety specialist to contact you for additional information.

Your interest in motor carrier safety is appreciated.

Sincerely,

$G_{r\text{-}6\text{-}Kk\ All0/^{1}2g/\text{\textbackslash}}$

(of Mark G. Oesterle Division Administrator

Bickley v Schneider Case Administrator
PO Box 2730
Portland, OR 97208-2730

**To: WALTER ELLIS**
**MURRIETA CA 92562**
**NOTICE OF LAWSUIT AGAINST SCHNEIDER NATIONAL CARRIERS, INC.**
**ON BEHALF OF CURRENT AND FORMER CALIFORNIA-BASED**
**LOCAL AND REGIONAL DEDICATED AND INTERMODAL DRIVERS**

A lawsuit has been filed against Schneider National Carriers, Inc. ("Schneider") by two former drivers on behalf of themselves and all other current and former California-based local and regional Dedicated and Intermodal drivers. The attorneys bringing this lawsuit have asked Schneider to release your name and home address, so that they may send you a letter regarding the case.

On January 12, 2010, Morris Bickley and Michael D. Patton filed an amended complaint against Schneider National Carriers, Inc., on behalf of themselves and all other current and former California-based local and regional Dedicated and Intermodal drivers. The lawsuit is entitled *Morris Bickley, et al. v. Schneider National Carriers, Inc., et al.*, and is pending in the United States District Court for the Northern District of California, before the Honorable Jeffrey S. White, Case No. 08-CV-05806-JSW. Mr. Bickley and Mr. Patton allege that Schneider's drivers were not properly compensated for all of the time they worked. Specifically, they allege Schneider did not compensate drivers for certain tasks they performed, such as performing pre-and post-trip inspections, fueling tractors, waiting for dispatch to notify them of their next assignment over the on-board computer after delivering a load, waiting in lines for periods of extended time ("Detention Time"), washing vehicles, hooking and unhooking empty trailers, and filling out and submitting paperwork to the corporate office. Mr. Bickley and Mr. Patton also allege Schneider did not provide its drivers with thirty (30) minute,
uninterrupted meal breaks or paid ten (10) minute rest breaks for each four (4) hour period during which drivers worked. They further allege Schneider failed to pay all accrued vacation wages upon any driver's separation from the company. Schneider denies that it has violated the law.

To assist in their investigation of these allegations, Mr. Bickley's and Mr. Patton's attorneys wish to send you a letter advising you of the pending litigation. To do so, they have requested the release of your name and home address so that a letter may be sent to you. The release of your name and home address will be kept confidential and used only for purposes of sending you a letter regarding the case. THIS NOTICE IS NOT A COMMUNICATION FROM THE COURT AND IS NOT an EXPRESSION OF ANY OPINION BY THE COURT AS TO THE MERITS OF THE CLAIMS OR DEFENSES BY EITHER SIDE IN THIS LITIGATION. PLEASE DO NOT CONTACT THE COURT OR THE CLERK OF THE COURT.

*SCHNEIDER'S possible DOT & other Violations*

On January 12, 2009 a representative of UAAD spoke to a US *FMSCA* representative in Sacramento, CA regarding possible *DOT* violations committed by *SCHNEIDER* trucking. These possible violations include the following complaints by drivers:

1. DBLs require that drivers start their work day in an off duty status while:    a. Pre-tripping truck/trailer
   b. Trip planning during load assignment process. These duty assignments are required prior to starting the 14 hour work day. Some of the accounts, as *WAL-MART*, are assigned that will not allow for the load(s) to be delivered within the 14 hour DOT work rule, if drivers show their actual starting time.

2. Trips are dispatched at an average speed of 45-50 MPH not taking in consideration road conditions, terrain, traffic, time zones etc.

3. Most *WAL MART* trips are scheduled so tight that many, if not most, have little or no time after the 14 hour shift to get back to the terminal, or a reasonable DOT break site. DBLs and their supervisors are aware of these conditions, but fail to make corrections.

*The DOT representative stated these were clear violations his department would investigate, and in his opinion were clear violations of DOT rules and regulations.*

**Health and Safety Issues:**

Drivers are assigned to trucks that reek of cigarette smoke and other unsanitary conditions. Those who complain are told by some DBLs to clean the truck on their own time, and they will be paid a maximum of $40. Upon contacting OSHA at 909 383-4321, they advised that a complaint would have to be made to:
San Bernardino Department of Public Health "Tobacco Use Deduction Now"
909 387-6000
After OSHA have received three complaints from that agency, OSHA will than investigate, or take action.
www.truckerscomplaint.com

Date/date range of document: 01-June-1998 – 29-July-2011
Source of document: Federal Motor Carrier Safety Administration
Attn: FOIA, Team MC-MMI
400 7th Street SW
Washington, DC 20590
Fax: (202) 385-2335
Attn: FOIA Team
E-mail: foia@fmcsa.dot.gov

Walter L. Ellis  uedcinc@aol.com  951 471-8686
Lake Elsinore, CA 92530

*3. After the Fontana PD, the SB DA's office, and Judge Willmon stated I had a right to go on the premises due to it*

being a public place, I was later accused by Judge Pacheco of violating his prejudiced order, stating I had violated his contempt order.

4. Ask for a jury trial to address the default and contempt, based on improperly being served 9 or 10/2010 which is a matter of record and I believe I had advised the court of my moving to the Sandpiper address. If denied a trial I will take all the appeal documents to court and insist that I am able to defend myself, taking days if needed to present my defense.

5. If the Judge decide to put me in jail, I should be able to bail out and file a civil rights claim against the W/C Judge, Pacheco, Fontana PD, DA's office also naming SNI.

As far as the telephone recordings:

They were all legal whereby they recorded out of state or in my office(s) UAAD see: **California**

Although California is a two-party state, it is also legal to record a conversation if you include a beep on the recorder and for the parties to hear. This information was included with my telephone bill.

632). There is no statutory business telephone exception and the relevant case law all but excludes this possibility. California courts have recognized "implied" consent as being sufficient to satisfy the statute where one party has expressly agreed to the taping and the other continues the conversation after having been informed that the call is being recorded. Violation is punishable by a fine of up to $2,500, imprisonment for not more than one year, or both. A civil plaintiff may recover the greater of $3,000 or three times the amount of any actual damages sustained.

Generally, you may record, film, broadcast or amplify any conversation where all the parties to it consent. *It is always legal to tape or film a face-to-face interview when your recorder or camera is in plain view. The consent of all parties is presumed in these instances.*

*Because this guide was written with the needs of journalists in mind, it does not address all aspects of electronic recording laws, including the issues of taping family members' calls and using a tape recording as evidence in a lawsuit or prosecution. Others who have questions about taping should contact a local attorney directly.*

The Supreme Court of California in *Kearney v. Salomon Smith Barney* applied California wiretap law to a company located in Georgia who routinely recorded business phone calls with its clients in California. *California law requires all party consent to record any telephone calls, while Georgia law requires only one party consent.* The state's high court, applying choice of law principles, reasoned that the failure to apply California law would "impair California's interest in protecting the degree of privacy afforded to California residents by California law more severely than the application of California law would impair any interests of the State of Georgia."

*Federal law may apply when the conversation is between parties who are in different states, although it is unsettled whether a court will hold in a given case that federal law "pre-empts" state law.* In Duncan, the newspaper argued that the federal law should pre-empt the state statutes, because the telephone call crossed state lines, placing it under federal jurisdiction. However, in that case, the court did not address the pre-emption issue. Moreover, as noted above, either state may choose to enforce its own laws.

The case arose from a cell-phone conversation in Pennsylvania about contract negotiations for local school teachers. During the conversation, Anthony Kane Jr., president of the local teachers' union, told Gloria Bartnicki, a union negotiator, that if teachers' demands were not met, "we're gonna have to go to their, their homes . . . to blow off their front porches, we'll have to do some work on some of those guys." While Bartnicki and Kane spoke, an unknown person illegally intercepted the call, and a tape recording was left in the mailbox of a local association leader. The association leader gave a copy of the tape to two radio talk show hosts, who broadcast the tape as a part of a news show. Local television stations also aired the tape, and newspapers published transcripts of the conversation.

*Bartnicki and Kane sued some of the stations and newspapers that had disclosed the contents of the tape. The case made its way to the Supreme Court, which found that First Amendment principles trumped the privacy concerns of the union leaders.*

*In ruling that disclosure of a matter in the public interest outweighed claims of privacy, the majority of the Court supported "a profound national commitment to the principle that debate on public issues should be uninhibited, robust and wide-open." The majority explained that those who participate in public affairs have a diminished expectation of privacy, especially when they propose to carry out wrongful conduct.*

The case was a significant win for the media, but its implications for newsgatherers are not yet entirely clear. The Court's decision was premised on three factors: the media did not engage in or encourage the illegal recording, the topic of the intercepted conversation was of public concern, and the conversation involved proposed criminal acts. The Court did not indicate whether disclosure by the media under different circumstances would be considered legal. *(Bartnicki v. Vopper)*

However, the U.S. Court of Appeals for the First Circuit in Massachusetts decided in 2007's *Jean v. Massachusetts State Police* that the First Amendment prevented Massachusetts law enforcement officials from interfering with an individual's Internet posting of an audio and video recording of an arrest and warrantless search of a private residence, even though the poster had reason to know at the time she accepted the recording that it was illegally recorded.

The Court applied *Bartnicki* and determined that the state's interest in protecting the privacy of its citizens — encouraging uninhibited exchange of ideas and information among private parties and avoiding suspicion that one's speech is being monitored by a stranger — was less compelling in this case than in *Bartnicki*, in which it was not given much weight.

The Court of Appeals said that in Jean, when the identity of the interceptor is known, there is even less justification for punishing a subsequent publisher than there was in *Bartnicki*, and the public interest in publication of truthful information of public concern was equally as strong. The Jean court also cited the concurring opinion in *Boehner*, stating that if Rep. McDermott had been a private citizen, like Jean, the court would have concluded that his disclosure of the tape was subject to First Amendment protection regardless of the fact that he received the tape directly from the Florida couple, who recorded it illegally.

### *SCHNEIDER'S MECHANICS' Class Action Suit*

*Distribution workers protest the way workers are treated at SCHNEIDER Logistics' Eastvale distribution center after a suit against the company was filed in 2011. A federal judge added Wal-Mart as a defendant................... Monday, Jan. 7, 2013 ...*
*Wal-Mart added to suit on Page 01 of Tuesday, January 08, 2013 issue of The Press-Enterprise SCHNEIDER Class action Law Suitin the next few months, we will be asking the Court to orderthat the case is a class action, meaning that the case should be permitted to go to trial on behalf of all the California based intermodal and dedicated drivers. In order to assist us, we would be very happy to receive a telephone call from you to talk about your experience with Schneider National, and whether you also had to do the types of work described in the lawsuit without being paid for your work. You may contact me or my assistant/paralegal, Susan Joseph, by calling us at 1855 2839594, e-mail: chumphrey@marlinsaltzman.com or sjoseph@marlinsaltzman.com*

## SCHNEIDER'S WAREHOUSE LAW SUIT

**INTRODUCTION**

*This is a class collective, and reprehensive action brought under federal and California law by eight warehouse workers, and over 200 additional warehouse workers who filed consents to sue pursuant to 29 U>S>C. 216(b), whom defendants have forced to work long hours, under oppressive workplace conditions, for legalin adequate pay, in defendants' Inland Empire warehouses located in Eastvale (formerly Mira Loma), California ("the Mira Loma warehouse").See link below...................*

SCHNEIDER WAREHOUSE LAWSUIT
SCHNEIDER WAREHOUSE LAWSUIT DOC 2
*www.youtube.com/uaad23 /*

SCHNEIDER DEPOSITION#4A deposition taken by    Liberty Mutual regarding a workman Comp claim against SCHNEIDER NATIONAL CARRIERS,INC (SNI) after
Walter Ellis was injured by employee *January 13, 2009_*
*click on vidio below & more on ..............http://www.youtube.com/uaad23*

Walter Ellis·30 videos....     Address COMMENTS to *uedcinc@aol.com*

0384

0305

TRUCKERS COMPLAINT  *USA*  Phone: (951) 805-1156  E-M *uedcinc@aol.com*